**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANTHONY TRUPIA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. CIV-26-2374-J** |
| | ) | |
| **SENTRY CREDIT, INC.; TRUEACCORD CORP.; KATIE NEILL; MARK RAVANESI; TINKER FEDERAL CREDIT UNION; DAVE WILLIS; AT&T INC. d/b/a AT&T U-VERSE; and JOHN DOE d/b/a [DATA VENDOR],** | ) ) ) ) ) ) | |
| | | |
| **Defendants.** | | |

**DEFENDANT SENTRY CREDIT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Sentry Credit, Inc. ("Sentry"), by its counsel, respectfully submits the following Answer and Affirmative Defenses to Plaintiff Anthony Trupia's ("Plaintiff") Complaint.

Sentry denies each allegation in the Complaint that is not expressly admitted in this Answer. Sentry's investigation remains ongoing, and Sentry reserves the right to seek leave to amend this Answer as permitted by the Federal Rules of Civil Procedure and any applicable scheduling order. To the extent the Complaint's headings contain factual allegations or legal conclusions requiring a response, Sentry denies them.

**NATURE OF THE ACTION**

1. Admitted in part and denied in part. Sentry admits that Plaintiff purports to bring an action arising out of alleged automated debt-collection texts sent to Plaintiff between May 27 and July 25, 2026. The remaining allegations of ¶ 1 are denied.

2. The allegations in ¶ 2 of Plaintiff's Complaint reference multiple House Reports and a Senate Report of the United States Congress, all of which are writings which speak for themselves and to which no response is required.

3. Denied.

4. Denied.

5. Admitted in part and denied in part. Sentry admits that Plaintiff purports to bring claims under the FDCPA and the TCPA, as well as a common law claim of invasion of privacy. Sentry denies having committed any alleged violation. Sentry denies violating the FDCPA and/or TCPA and further denies all remaining allegations in ¶ 5 of the Complaint.

**JURISDICTION AND VENUE**

6. Denied.

7. Denied.

8. Denied.

9. Denied.

**PARTIES**

10. Admitted upon information and belief.

11. Admitted in part and denied in part. Sentry admits that it is a Washington corporation having a principal place of business at 2809 Grand Avenue, Everett, Washington. Sentry admits that it, at certain times and in certain circumstances, may meet the statutory definition of "debt collector" as that term is defined by the FDCPA. Sentry denies that it always satisfies the definition of a "debt collector" as that term is defined by the FDCPA. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to whether it

meets the statutory definition of a "debt collector" as that term is defined by the FDPCA in this case and, as such, Sentry denies these allegations. The remaining allegations in ¶ 12 are denied.

12. Denied.

13. Admitted in part and denied in part. Sentry admits that Katie Neill is its Chief Compliance Officer Sentry and Defendant TrueAccord Corp. The remaining allegations in ¶ 13 are denied.

14. Admitted in part, denied in part. Sentry admits Defendant Mark Ravanesi is the Chief Executive Officer of Defendant TrueAccord Corp. The remaining allegations in ¶ 14 are denied.

15. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 15 of the Complaint and, as such, Sentry denies these allegations.

16. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 16 of the Complaint and, as such, Sentry denies these allegations.

17. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 17 of the Complaint and, as such, Sentry denies these allegations.

18. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 18 of the Complaint and, as such, Sentry denies these allegations.

19. Denied.

## FACTUAL ALLEGATIONS

***A. The Text-Message Campaign***

20. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 20 of Plaintiff's Complaint and, as such, Sentry denies these allegations.

21. Denied.

22. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted text from the writings referenced in ¶ 22 of the Complaint. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 22 of Plaintiff's Complaint and, as such, Sentry denies these allegations.

23. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted text from the writings referenced in ¶ 23 of the Complaint. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 23 of Plaintiff's Complaint and, as such, Sentry denies these allegations.

24. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted text from the writings referenced in ¶ 24 of the Complaint. Sentry denies all remaining allegations.

25. Denied.

***B. Plaintiff Is Not the Debtor and Never Consented***

26. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in ¶ 26 and as such, they are denied.

27. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 27 and as such, they are denied.

28. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 28 and as such, they are denied.

29. Denied.

***C. The Reassigned or Unverified Number and the Available Database Check***

30. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 30 and as such, they are denied.

31. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted language from its SMS Terms of Service referenced in ¶ 31 of the Complaint. Sentry denies all remaining allegations.

32. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 32 and as such, they are denied.

33. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted language from the writings referenced in ¶ 33 of the Complaint. Sentry denies all remaining allegations.

34. Denied.

***D. The Unauthenticated Payment Portal and Disclosure of a Third Party's Account***

35. Denied.

36. Denied.

37. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted language from its Payment Plan Terms of Service referenced in ¶ 37 of the Complaint. Sentry denies all remaining allegations.

38. Denied.

***E. The Communications Were Automated***

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### *F. The Fictitious Human Senders*

43. Denied.

44. Denied.

45. Denied.

### *G. Plaintiff's Number is on the National Do-Not-Call Registry*

46. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 46 and as such, they are denied.

### *H. Defendants Knew: Their Own Written Admissions and the Public Record of Identical Conduct*

47. Denied.

48. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted language from the writings referenced in ¶ 48 of the Complaint. Sentry denies all remaining allegations.

49. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 49 and as such, they are denied.

50. Denied.

51. Denied.

52. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted language from its SMS Terms of Use referenced in ¶ 52 of the Complaint. Sentry denies all remaining allegations.

53. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted language from its SMS Terms of Use referenced in ¶ 53 of the Complaint. Sentry denies all remaining allegations.

54. Denied.

### *I. Defendants Continue the Conduct Because Settling Suits is Cheaper Than Stopping*

55. Denied.

56. Denied.

### *J. The Corporate Structure*

57. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quotes text from the website referenced in ¶ 57 of the Complaint. Sentry denies all remaining allegations.

### *K. Plaintiff's July 29 Notice Through Defendants' Own Channels—and Sentry's Closed Door*

58. Admitted in part, denied in part. Sentry admits Plaintiff sent it written correspondence on or around July 29, 2026. Sentry denies all remaining allegations.

59. Denied.

60. Denied.

61. Denied.

### *L. TrueAccord's Response Reveals an AT&T U-Verse Account in Plaintiff's Own Name*

62. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted language from the writings referenced in ¶ 62 of the Complaint. Sentry denies all remaining allegations.

63. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted language from the writings referenced in ¶ 63 of the Complaint. Sentry denies all remaining allegations.

64. Denied.

65. Denied.

***M. The Written Stonewalling***

66. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted language from the writings referenced in ¶ 66 of the Complaint. Sentry denies all remaining allegations.

67. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted language from the writings referenced in ¶ 67 of the Complaint. Sentry denies all remaining allegations.

68. Denied.

***N. The July 30 Telephone Call: Admissions on TrueAccord's Own Recorded Line***

69. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegation in ¶ 69 and, as such, Sentry denies these allegations.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

***O. The Mirror: Defendants Sent Plaintiff's Own Information to Strangers***

75. Denied.

76. Denied.

77. Denied.

78. Denied.

### *P. Harm to Plaintiff*

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

### *Q. Equitable Tolling and the Equitable Discovery Rule (the AT&T Account)*

84. After reasonable investigation, Sentry lacks sufficient knowledge and information as to form a belief as to the allegations in ¶ 84 and as such, they are denied.

85. Denied.

86. Denied.

## ALLEGATIONS COMMON TO THE FDCPA COUNTS (COUNTS I-X)

87. Admitted in part, denied in part. Sentry admits, at certain times and in certain circumstances, that it may meet the statutory definition of a “debt collector” as that term is defined by the FDCPA. Sentry denies that it always satisfies that statutory definition. Sentry denies that Neill and Ravanesi are “debt collectors” as that term is defined by the FDCPA. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to whether it satisfies the statutory definition of a “debt collector” as that term is defined by the FDCPA in this case, as well as the truth of all remaining allegations, and, as such, Sentry denies these allegations.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

**COUNT I – Fair Debt Collection Practices Act, 15 U.S.C. § 1692d and § 1692d(5) – Harassment and Abuse**

92. Sentry incorporates and realleged each of the preceding paragraphs of its Answer as if more fully set forth herein.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

**COUNT II – Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b) – Disclosure of Everett D.'s Account to Plaintiff**

97. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

**COUNT III – Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b) – Disclosure of Plaintiff's Account to Strangers**

103. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

104. After reasonable investigation, Sentry lacks sufficient knowledge and information to form a belief as to the truth of the allegation in ¶ 104.

105. Denied.

106. Denied.

**COUNT IV – Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) and § 1692e(10) – False Representation of the Character, Amount, and Legal Status of the Debt**

107. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

108. Denied.

109. Denied.

110. Denied.

**COUNT V – Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(9) and § 1692e(14) – False Impression as to Source; Use of a Name Other Than the True Name**

111. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

112. Denied.

113. Denied.

114. Denied.

**COUNT VI – Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) – Fictitious Human Sender Names on Machine-Generated Communications**

115. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

116. Denied.

117. Denied.

118. Denied.

**COUNT VII – Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11) – Failure to Disclose in the Initial Communication**

119. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

120. Denied.

121. Denied.

**COUNT VIII – Fair Debt Collection Practices Act, 15 U.S.C. § 1692f and § 1692f(1) – Unfair and Unconscionable Means; Collection of an Amount Not Owed**

122. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

**COUNT IX – Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a) – No Validation Notice on the Tinker Campaign (Pleaded in the Alternative to Count II)**

127. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

128. Denied.

129. Denied.

130. Denied.

**COUNT X – Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a) – No Validation Notice on the AT&T Account**

131. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

**COUNT XI – Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) – Automatic Telephone Dialing System and Prerecorded or Artificial Voice**

136. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

137. Admitted in part, denied in part. Sentry admits only the accuracy of any properly quoted statutory text appearing in ¶ 137 of the Complaint. Sentry denies all remaining allegations.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

**COUNT XII – Invasion of Privacy – Intrusion Upon Seclusion**

144. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

**PUNITIVE DAMAGES**

150. Sentry incorporates and realleges each of the preceding paragraphs of its Answer as if more fully set forth herein.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

**PRAYER FOR RELIEF**

Sentry denies that Plaintiff is entitled to any relief, including but not limited to the relief Plaintiff seeks in this Prayer.

**DEMAND FOR JURY TRIAL**

Sentry demands a jury trial as to all triable issues.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

To the extent Sentry is subject to the FDCPA and its conduct violated the FDCPA (which Sentry vehemently denies), any such violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**SECOND AFFIRMATIVE DEFENSE**

Any alleged damages to Plaintiff were caused, in whole or in part, by the acts, inaction, conduct, delay, or omissions of Plaintiff and/or third parties over whom Sentry has no control and for whom Sentry bears no responsibility.

**THIRD AFFIRMATIVE DEFENSE**

Any alleged damages to Plaintiff were caused, in whole or in part, by intervening and/or superseding causes and/or acts over which Sentry has no control and for which Sentry bears no responsibility.

**FOURTH AFFIRMATIVE DEFENSE**

Any alleged damages to Plaintiff are caused by his failure to mitigate or otherwise take reasonable steps to avoid or reduce his damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's purported claims for equitable relief, including but not limited to the claims seeking an injunction and/or declaratory relief, are barred because Plaintiff has an adequate remedy at law.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's purported claims for equitable relief, including but not limited to the claims seeking an injunction and/or declaratory relief, are barred because Plaintiff cannot show that he has suffered or will suffer any irreparable harm or future harm from Defendants' alleged actions.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's purported claims for equitable relief, including but not limited to the claims seeking an injunction and/or declaratory relief, are barred because declaratory and/or injunctive relief is not available under the FDCPA.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from asserting some or all of his claims alleged in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent that the Complaint seeks treble and/or punitive damages, it violates Defendants' rights to protection against excessive fines, and equal protection and procedural and substantive due process under the Fifth and Fourteenth Amendment to the U.S. Constitution, and the state constitutional analogues. Plaintiff also does not allege facts sufficient to rise to the level of conduct required to recover punitive, exemplary, or treble damages and, as such, all requests for these damages are prohibited and improper.

WHEREFORE, Defendant Sentry Credit, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

Dated: September 10, 2026

Respectfully submitted,

**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**

*/s/ Xerxes Martin*

EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630

FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT***
***SENTRY CREDIT, INC.***

## CERTIFICATE OF SERVICE

I certify that on September 10, 2026, a true copy of the foregoing document was served on all unrepresented parties and all counsel of record by electronic service or US Mail, postage prepaid.

Dated: September 10, 2026

Respectfully submitted,

**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT***
***SENTRY CREDIT, INC.***