**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANTHONY TRUPIA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. CIV-26-2374-J** |
| | ) | |
| **SENTRY CREDIT, INC.; TRUEACCORD CORP.; KATIE NEILL; MARK RAVANESI; TINKER FEDERAL CREDIT UNION; DAVE WILLIS; AT&T INC. d/b/a AT&T U-VERSE; and JOHN DOE d/b/a [DATA VENDOR],** | ) | |
| **Defendants.** | | |

**<u>DEFENDANT TINKER FEDERAL CREDIT UNION'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant Tinker Federal Credit Union ("TFCU"), by its counsel, respectfully submits the following Answer to Plaintiff Anthony Trupia's Complaint.

TFCU denies each allegation in the Complaint that is not expressly admitted in this Answer. TFCU's investigation remains ongoing, and TFCU reserves the right to seek leave to amend this Answer as permitted by the Federal Rules of Civil Procedure and any applicable scheduling order. To the extent the Complaint's headings contain factual allegations or legal conclusions requiring a response, TFCU denies them.

## NATURE OF THE ACTION

1. Admitted in part and denied in part. TFCU admits only that Plaintiff purports to bring an action arising out of alleged automated debt-collection texts sent to Plaintiff between May 27 and July 25, 2026. TFCU denies the remaining allegations of ¶ 1.

2. The allegations in ¶ 2 of Plaintiff's Complaint reference multiple House Reports and a Senate Report of the United States Congress, all of which are writings which speak for themselves and to which no response is required. To the extent that any response is required, TFCU denies the allegations in ¶ 2 of the Complaint

3. Denied.

4. Denied.

5. Admitted in part and denied in part. TFCU admits that Plaintiff purports to bring claims under the FDCPA and the TCPA, as well as a common law claim of invasion of privacy. TFCU denies violating the FDCPA and/or the TCPA and further deny all remaining allegations in ¶ 5 of the Complaint.

**JURISDICTION AND VENUE**

6. Denied.

7. Denied.

8. Denied.

9. Denied.

**PARTIES**

10. Admitted upon information and belief.

11. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 11 of the Complaint and, as such TFCU denies these allegations.

12. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 12 of the Complaint and, as such TFCU denies these allegations.

13. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 13 of the Complaint and, as such TFCU denies these allegations.

14. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 14 of the Complaint and, as such TFCU denies these allegations.

15. Admitted in part and denied in part. Defendant TFCU admits only that it is a federally chartered credit union with offices in Oklahoma, including in Oklahoma County. TFCU denies the remaining allegations in ¶ 15 of the Complaint.

16. Admitted in part and denied in part. Defendant TFCU admits only that Dave Willis is CEO of TFCU. TFCU denies the remaining allegations in ¶ 15 of the Complaint.

17. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 17 of the Complaint and, as such TFCU denies these allegations.

18. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 18 of the Complaint and, as such TFCU denies these allegations.

19. Denied.

## FACTUAL ALLEGATIONS

### *A. The Text-Message Campaign*

20. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 20 of the Complaint and, as such TFCU denies these allegations.

21. Denied.

22. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 22 of the Complaint and, as such TFCU denies these allegations.

23. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 23 of the Complaint and, as such TFCU denies these allegations.

24. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 24 of the Complaint and, as such TFCU denies these allegations.

25. Denied.

### *B. Plaintiff Is Not the Debtor and Never Consented*

26. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 26 of the Complaint and, as such TFCU denies these allegations.

27. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 27 of the Complaint and, as such TFCU denies these allegations.

28. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 28 of the Complaint and, as such TFCU denies these allegations.

29. Denied.

### *C. The Reassigned or Unverified Number and the Available Database Check*

30. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 30 of the Complaint and, as such TFCU denies these allegations.

31. The allegations in ¶ 31 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 31 of the Complaint and, as such TFCU denies these allegations.

32. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 32 of the Complaint and, as such TFCU denies these allegations.

33. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 33 of the Complaint and, as such TFCU denies these allegations.

34. Denied.

### *D. The Unauthenticated Payment Portal and Disclosure of a Third Party's Account*

35. Denied.

36. Denied.

37. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 37 of the Complaint and, as such TFCU denies these allegations.

38. Denied.

### *E. The Communications Were Automated*

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### *F. The Fictitious Human Senders*

43. Denied.

44. Denied.

45. Denied.

### *G. Plaintiff's Number is on the National Do-Not-Call Registry*

46. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 46 of the Complaint and, as such TFCU denies these allegations.

### *H. Defendants Knew: Their Own Written Admissions and the Public Record of Identical Conduct*

47. Denied.

48. The allegations in ¶ 48 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 48 of the Complaint and, as such TFCU denies these allegations.

49. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 49 of the Complaint and, as such TFCU denies these allegations.

50. The allegations in ¶ 50 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 50 of the Complaint and, as such TFCU denies these allegations.

51. Denied.

52. The allegations in ¶ 52 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 52 of the Complaint and, as such TFCU denies these allegations.

53. The allegations in ¶ 53 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 53 of the Complaint and, as such TFCU denies these allegations.

54. Denied.

***I. Defendants Continue the Conduct Because Settling Suits is Cheaper Than Stopping***

55. Denied.

56. Denied.

***J. The Corporate Structure***

57. The allegations in ¶ 57 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required,

TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 57 of the Complaint and, as such TFCU denies these allegations.

***K. Plaintiff's July 29 Notice Through Defendants' Own Channels—and Sentr's Closed Door***

58. Admitted in part, denied in part. TFCU admits only that Plaintiff sent it written correspondence on or around July 29, 2026. TFCU denies all remaining allegations.

59. The allegations in ¶ 59 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 59 of the Complaint and, as such TFCU denies these allegations.

60. The allegations in ¶ 60 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 60 of the Complaint and, as such TFCU denies these allegations.

61. Denied.

***L. TrueAccord's Response Reveals an AT&T U-Verse Account in Plaintiff's Own Name***

62. The allegations in ¶ 62 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 62 of the Complaint and, as such TFCU denies these allegations.

63. The allegations in ¶ 63 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 63 of the Complaint and, as such TFCU denies these allegations.

64. Denied.

65. Denied.

***M. The Written Stonewalling***

66. The allegations in ¶ 66 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 66 of the Complaint and, as such TFCU denies these allegations.

67. The allegations in ¶ 67 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 67 of the Complaint and, as such TFCU denies these allegations.

68. The allegations in ¶ 68 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 68 of the Complaint and, as such TFCU denies these allegations.

### *N. The July 30 Telephone Call: Admissions on TrueAccord's Own Recorded Line*

69. The allegations in ¶ 69 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 69 of the Complaint and, as such TFCU denies these allegations.

70. The allegations in ¶ 70 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 70 of the Complaint and, as such TFCU denies these allegations.

71. The allegations in ¶ 71 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 71 of the Complaint and, as such TFCU denies these allegations.

72. The allegations in ¶ 72 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 72 of the Complaint and, as such TFCU denies these allegations.

73. The allegations in ¶ 73 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required,

TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 73 of the Complaint and, as such TFCU denies these allegations.

74. The allegations in ¶ 74 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 74 of the Complaint and, as such TFCU denies these allegations.

***O. The Mirror: Defendants Sent Plaintiff's Own Information to Strangers***

75. The allegations in ¶ 75 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 75 of the Complaint and, as such TFCU denies these allegations.

76. The allegations in ¶ 76 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 76 of the Complaint and, as such TFCU denies these allegations.

77. The allegations in ¶ 77 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information

to form a belief as to the truth of the allegations in ¶ 77 of the Complaint and, as such TFCU denies these allegations.

78. The allegations in ¶ 78 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 78 of the Complaint and, as such TFCU denies these allegations.

***P. Harm to Plaintiff***

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

***Q. Equitable Tolling and the Equitable Discovery Rule (the AT&T Account)***

84. After reasonable investigation, TFCU lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 84 of the Complaint and, as such TFCU denies these allegations.

85. Denied.

86. Denied.

**ALLEGATIONS COMMON TO THE FDCPA COUNTS (COUNTS I-X)**

87. The allegations in ¶ 87 of the Complaint are not directed at TFCU, and therefore, no response is requested of this Defendant. To the extent it may be held that an answer is required, TFCU states that after reasonable investigation, TFCU lacks sufficient knowledge and information

to form a belief as to the truth of the allegations in ¶ 87 of the Complaint and, as such TFCU denies these allegations.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

**COUNT I – Fair Debt Collection Practices Act, 15 U.S.C. § 1692d and § 1692d(5) – Harassment and Abuse**

92. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

**COUNT II – Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b) – Disclosure of Everett D.'s Account to Plaintiff**

97. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

**COUNT III – Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b) – Disclosure of Plaintiff's Account to Strangers**

103. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

104. Denied.

105. Denied.

106. Denied.

**COUNT IV – Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) and § 1692e(10) – False Representation of the Character, Amount, and Legal Status of the Debt**

107. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

108. Denied.

109. Denied.

110. Denied.

**COUNT V – Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(9) and § 1692e(14) – False Impression as to Source; Use of a Name Other Than the True Name**

111. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

112. Denied.

113. Denied.

114. Denied.

**COUNT VI – Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) – Fictitious Human Sender Names on Machine-Generated Communications**

115. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

116. Denied.

117. Denied.

118. Denied.

**COUNT VII – Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11) – Failure to Disclose in the Initial Communication**

119. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

120. Denied.

121. Denied.

**COUNT VIII – Fair Debt Collection Practices Act, 15 U.S.C. § 1692f and § 1692f(1) – Unfair and Unconscionable Means; Collection of an Amount Not Owed**

122. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

**COUNT IX – Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a) – No Validation Notice on the Tinker Campaign (Pleaded in the Alternative to Count II)**

127. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

128. Denied.

129. Denied.

130. Denied.

**COUNT X – Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a) – No Validation Notice on the AT&T Account**

131. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

**COUNT XI – Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) – Automatic Telephone Dialing System and Prerecorded or Artificial Voice**

136. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

137. Admitted in part, denied in part. TFCU admits only the accuracy of any properly quoted statutory text appearing in ¶ 137 of the Complaint. TFCU denies all remaining allegations.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

**COUNT XII – Invasion of Privacy – Intrusion Upon Seclusion**

144. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

**PUNITIVE DAMAGES**

150. TFCU incorporates and realleges each of the preceding paragraphs of this Answer as if more fully set forth herein.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

**PRAYER FOR RELIEF**

TFCU denies that Plaintiff is entitled to any relief, including but not limited to the relief Plaintiff seeks in this Prayer.

**AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's Complaint and for its affirmative defenses, TFCU states as follows:

1. Plaintiff has failed to state a claim against TFCU upon which relief can be granted.

2. TFCU is not a proper party defendant.

3. Lack of privity of contract.

4. The incident and/or damages which are the subject of Plaintiff's Complaint were caused or brought about by a person or persons other than TFCU, and over whom TFCU had

neither control nor the right to control, or some independent cause, phenomena, or misadventure beyond the control of TFCU, and for which TFCU is not liable.

5. Plaintiff's alleged damages were caused by the fault, negligence, and carelessness of Plaintiff.

6. The acts or omissions, if any, of TFCU were not the proximate cause of the losses and/or damages alleged in Plaintiff's Complaint.

7. Failure to mitigate damages.

8. Plaintiff's claims and alleged damages are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards and damages, caps on recovery, setoffs, and apportionment.

9. Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations and/or statute of repose.

10. Plaintiff's claims are barred in whole or in part by principles of equity, including laches, equitable estoppel, and legal estoppel.

11. Plaintiff's claim for punitive damages is barred in whole or in part because Plaintiff is not entitled to compensatory damages, no fault or other admissions being made.

12. Plaintiff has failed to state a proper claim for punitive damages. To the extent the Petition asserts a demand for punitive damages, TFCU specifically incorporates by reference any and all standards of limitation regarding the determination and/or enforceability of punitive damage awards pursuant to 23 Okla. Stat. §9.1 and that arose in the following decisions: BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); and State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003).

13. Plaintiff has failed to state a proper claim for punitive damages. To the extent the Petition asserts a demand for punitive damages, TFCU specifically incorporates by reference any and all standards of limitation regarding the determination and/or enforceability of punitive damage awards pursuant to 23 Okla. Stat. §9.1 and that arose in the following decisions: BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); and State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003).

14. TFCU is entitled to a set-off or credit for any amounts received by Plaintiff or to be received by Plaintiff from any other source whatsoever with respect to any recovery arising out of the claims and/or allegations asserted within the Petition.

15. Plaintiff's alleged damages, if any, are not of the nature and amount set forth in the Petition.

16. TFCU reserves the right to assert any additional defenses, which it may learn through discovery.

Respectfully submitted,

*/s/Jeff C. Grotta*

Lyndon W. Whitmire, OBA No. 17164
Jeff C. Grotta, OBA No. 15774
PHILLIPS MURRAH P.C.
424 NW 10th Street, Suite 300
Oklahoma City, OK 73103
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
lwwhitmire@phillipsmurrah.com
jcgrotta@phillipsmurrah.com
***Attorneys for Defendant***
***Tinker Federal Credit Union***

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing, and that a full, true, and correct copy was deposited in the regular United States mail, with proper first-class postage fully prepaid thereon, to the following who may or may not be registered participants of the EFC System:

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
***Plaintiff/Pro Se***

Dave Willis
c/o Tinker Federal Credit Union
715 Metropolitan Ave.
Oklahoma City, OK 73108-2054
***Defendant***

Kerry R. Lewis, OBA #16519
**RHODES, HIERONYMUS, JONES, TUCKER & GABLE, PLLC**
P.O. Box 21100
Tulsa, OK 74121-1100
Telephone: (918) 582-1173
klewis@rhodesokla.com
***Attorneys for Defendant AT&T Inc.***

Eugene Xerxes Martin, IV
Martin Golden Lyons Watts Morgan PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, TX 75231
Telephone: (214) 346-2630
xmartin@mgl.law
***Attorneys for Defendants Trueaccord Corp, Katie Neill, and Mark Ravanesi***

Eugene Xerxes Martin, IV
Martin Golden Lyons Watts Morgan PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, TX 75231
Telephone: (214) 346-2630
xmartin@mgl.law
***Attorneys for Defendant Sentry Credit, Inc.***

*/s/Jeff C. Grotta*