**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANTHONY TRUPIA**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SENTRY CREDIT, INC.; TRUEACCORD CORP.; KATIE NEILL; MARK RAVANESI; TINKER FEDERAL CREDIT UNION; DAVE WILLIS; AT&T INC. d/b/a AT&T U-VERSE; and JOHN DOE d/b/a [DATA VENDOR],**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. CIV-26-2374-J** |

**DEFENDANTS' JOINT BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Sentry Credit, Inc., TrueAccord Corp., Katie Neill, Mark Ravanesi, Tinker Federal Credit Union, Dave Willis, and Southwestern Bell Telephone Company, LLC improperly named as AT&T Inc. d/b/a AT&T U-Verse (collectively "Defendants"), by and through their undersigned counsel, respectfully jointly submit the following Brief in Opposition to Plaintiff's Motion to Remand [Doc. No. 13].

## I. BACKGROUND

Plaintiff Anthony Trupia (hereinafter "Plaintiff") filed his Complaint in the instant action on August 10, 2026 in the District Court of Oklahoma County at docket no. CJ-2026-6388. Defendants Tinker Federal Credit Union ("Tinker"), Dave Willis, and TrueAccord were all served August 14, 2026. (ECF No. 1-3, 1-4 and 1-5). Defendant

Sentry Credit, Inc. ("Sentry") was served on August 17, 2026. (ECF No. 1-6). Defendants Katie Neill and Mark Ravanesi were both served on August 24, 2026. (ECF No. 1-7 and 1-8). Defendant Southwestern Bell Telephone Company, LLC improperly named as AT&T Inc. d/b/a AT&T U-Verse ("AT&T") was served on August 20, 2026. (ECF No. 13-1). Defendant John Doe has not been served or identified and is not at issue in the instant motion or opposition.

Tinker filed a timely Notice of Removal to this Court on September 3, 2026 under 28 U.S.C. § 1441(a) (the "Removal"). (ECF No. 1). At the time Tinker filed the Removal, the state court docket did not reflect that any defendant had been served. (ECF No. 1-1). Despite this, Tinker included service returns for every defendant in its Removal, aside from AT&T, upon which Tinker specifically noted that service was not reflected on the state court docket. (ECF No. 1, at ¶ 6).

On August 28, 2026, prior to the Removal, counsel for Sentry, TrueAccord, Neill, and Ravanesi emailed counsel for Tinker to inform them that they consented to the case being removed. However, Tinker did not convey in its Removal whether any of the other defendants consented to the Removal.

Plaintiff filed his Motion to Remand on September 24, 2026, citing Tinker's failure to note the consent of all defendants who had been served to remove the case. (ECF No. 13). On September 25, 2026, counsel for Dave Willis filed a consent and notice of joinder to the Removal. (ECF No. 15). On October 1, 2026, counsel for AT&T filed a consent and notice of joinder to the Removal. (ECF No. 17). Also on October 1, 2026, counsel for Sentry, TrueAccord, Neill, and Ravanesi filed a consent to the Removal. (ECF No. 19).

The docket presently reflects the consent of all served defendants to the Removal within thirty (30) days of the Removal filing.

For the reasons that follow, this Honorable Court should deny Plaintiff's Motion to Remand.

## II. LEGAL STANDARD

Removal of a civil action is proper where the federal district courts have original jurisdiction over the case. 28 U.S.C. § 1441(a). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is known as the "unanimity rule." *See Lapides v. Bd. Of Regents of Univ. Sys. Of Ga.*, 535 U.S. 613, 620 (2002). While § 1446 requires unanimous consent to removal by all defendants who have been served, the statute does not prescribe the form or timing in which a non-removing defendant must manifest their consent.

## III. ARGUMENT

Plaintiff's Motion to Remand rests on the contention that the Removal was improper and procedurally defective because it did not affirmatively reflect the consent of each defendant at the time of removal. Nothing in 28 U.S.C. § 1446(b)(2)(A) establishes a deadline or a form by which a consenting party must indicate its consent to a removal. By contrast, Congress expressly established a 30-day period for filing a notice of removal under § 1446(b)(1) and a 30-day period for a plaintiff to seek remand upon a procedural defect under § 1447(c). Congress's decision to specify deadlines in those provisions, while

remaining silent as to the deadline for a defendant to provide its consent to removal suggests that courts should view the consent issue more liberally.

This Court has itself declined to "exalt form over substance" where the record established that the defendants in fact consented to the removal. *See Bruning v. City of Guthrie*, 101 F. Supp. 3d 1142, 1145 (W.D. Okla. 2015) (holding that § 1446 merely requires that all defendants consent to removal, not that any particular formality must be followed to evidence such consent). In *Bruning*, nine defendants were served between December 15, 2014, and December 17, 2014. *Id.* at 1143, n. 1. On January 2, 2025, six defendants represented by the same counsel filed a notice of removal. *Id.* at 1143. On January 5, 2015, the other three defendants filed entries of appearance. *Id.* On January 8, 2015, those three defendants filed unopposed requests for extensions of time to answer. *Id.* On January 21, 2015, plaintiff filed a motion to remand arguing that "the record did not adequately demonstrate that all nine defendants consented to removal . . . ." *Id.* The district court framed the issue as follows:

> Nine days later, and more than thirty days after they were served, the three consenting defendants filed explicit consents to the removal, noting and verifying that the representation in the removal notice as to their consent was accurate.
>
> It is clear from the parties' filings and other submissions that the "consenting defendants" did in fact consent to the removal. The question is whether that consent was manifested in a way sufficient to comply with the removal statute.

*Id.*

The court specifically addressed whether a separate filing is required to demonstrate consent. The court rejected strict construction of removal statutes in light of *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003). *Id.* at 1145-46. The court reasoned:

> It appears that the Tenth Circuit has not had occasion to consider the impact of *Breuer* on its removal jurisprudence, but *Breuer* suggests that, when it does, the result is likely to be a formulation less restrictive of removal jurisdiction. In any event, the court concludes general principles of removal jurisdiction do not compel a conclusion that parties who did not join in the notice of removal must evidence their consent by a separate, unequivocal filing.

*Id.* at 1146. The court noted that the non-consenting defendants' "actions taken immediately after the removal suggest their consent (though not unambiguously) and their later (post–30 day) filing makes it explicit." *Id.*

In the present case, Tinker filed the Notice of Removal on September 3, 2026. (ECF No. 1). On September 10, 2026, counsel for AT&T filed an entry of appearance (ECF No. 5) and a motion for extension of time. (ECF No. 6). On that same day, Answers, together with affirmative defenses, were filed on behalf of all other defendants. (ECF Nos. 7, 8, 9, and 11). That is, two weeks before plaintiff filed his motion to remand, all defendants with the exception of AT&T had submitted to the Court's jurisdiction by filing Answers which included affirmative defenses. On September 14, 2026, the Court granted AT&T's motion for extension of time. (ECF No. 12). That is, ten days before plaintiff filed his motion to remand, AT&T's motion was granted. In compliance with the Court's order, AT&T filed its Answer and affirmative defenses on October 1, 2026. (ECF No. 16). By October 1, 2026, all non-removing defendants filed formal consents to removal. (ECF Nos. 15, 17, and 19).

Additionally, the Tenth Circuit has not established a rule requiring that every defendant separately docket its consent before a plaintiff files a motion to remand, nor did *Bruning* state that unanimous consent can only be shown by the notice of removal representing the consent of all other defendants.

Courts within the Tenth Circuit have recognized that the timing of consent presents an unsettled question because of the silence in § 1446(b)(2)(A). *See Tate v. SNH CO Tenant LLC*, No. 22-cv-00827-MEH, 2022 U.S. Dist. LEXIS 126042, at *10 (D. Colo. July 15, 2022). In *Tate*, the court expressly recognized that the Tenth Circuit had not addressed whether a consent filed after the thirty-day removal deadline remained timely. *Id*. *Tate*'s analysis is consistent with the holding in *Padilla v. Am. Modern Home Ins. Co.*, 282 F.Supp. 3d 1234 (D.N.M. 2017), in which the court held that a defendant's filing of a notice of consent to removal thirty-seven days after it was served with the complaint was not untimely because earlier-served defendants can consent to removal by a later-served defendant even if the earlier-served defendant did not attempt to remove the case within its own thirty-day removal window. *Id.* at 1265.

Other courts have identified the end of the thirty-day period for seeking remand under § 1447(c) as the appropriate practical deadline for defendants to consent to removal. In *Centura Health Corp. v. Agnew*, No. 18-cv-00569-RBJ, 2018 U.S. Dist. LEXIS 119491 (D. Colo. July 17, 2018), the court declined to impose a definitive statutory deadline for consent based on the silence of § 1446(b), but concluded that defendants face a "de facto time limit" because a plaintiff's motion to remand based on a procedural defect must be filed within thirty days of removal. *Id*. at *12-13. The court in *Sage Communications*

*Corporation of Colorado, LLC v. Colony Insurance Company*, No. 19-cv-03155-PAB-NRN, 2020 U.S. Dist. LEXIS 38153 (D. Colo. Mar. 5, 2020), came to the same conclusion that Congress clearly did not intend for consent to removal to be tied to the thirty-day period to file a notice of removal. *Id.* at *10. Regardless, in the present case, while plaintiff filed his motion to remand before expiration of his thirty-day period following notice of removal, formal consents to removal were filed within the thirty-day period for plaintiff to seek remand.

The facts of the instant case most closely resemble those at issue in *Stephen v. Ramirez*, No. 25-cv-02107-PAB, 2025 U.S. Dist. LEXIS 411743 (D. Colo. Sep. 23, 2025). In *Ramirez,* the removing defendant filed a notice of removal that did not indicate whether its co-defendant consented to removal. *Id.* at *2. The plaintiff filed a motion to remand based on this defect the next day. *Id.* Two days later, the defendants filed an amended notice of removal expressly reflecting the co-defendant's consent to removal. *Id.* The court in that case nevertheless denied the motion to remand even though that consent was not reflected on the docket until after the motion to remand was filed. *Id.* at *6-7.

The *Ramirez* court distinguished the situation from cases involving an extended or unexplained delay in obtaining consent. *Id.* at *6 (noting that a delay of two months after the removal filing or three weeks after the motion to remand to convey consent is too long); *see Centura* 2018 U.S. Dist. LEXIS 119491, at *4. According to the court in *Ramirez*, the consent did not constitute the type of "late-in-the-process consent" that would justify remand, in part because the consent was filed well within the thirty-day timeframe for

plaintiff to seek remand, even despite the fact that plaintiff had in fact filed a motion to remand. *Ramirez*, at *7.

The circumstances in the present case are similarly compelling. This is not a case where defendants attempted to manufacture consent months after removal. Each of the defendants affirmatively filed its Answer and its consent on the federal docket within the thirty-day period for plaintiff to seek remand. Thus, by the time the statutory period for challenging a procedural defect expired, the docket conclusively established unanimous consent to removal and submission to jurisdiction of this Court.

Moreover, the fact that Plaintiff filed his Motion to Remand before the consent filings does not alter the analysis. § 1447(c) establishes a thirty-day period in which a plaintiff may challenge a procedural defect; it does not provide that procedural objection becomes irrevocably fixed at the moment in time when the motion to remand is filed. 28 U.S.C. § 1447. Nothing in § 1446(b) provides that the filing of a motion to remand terminates a defendant's ability to manifest its consent to a removal. To impose such a rule would effectively add a deadline to § 1446(b)(2)(A) that Congress itself did not add, nor did the *Ramirez* court when faced with similar facts.

The purpose of the rule of unanimity is to ensure that a case is not removed over the objection of a properly served defendant. *See Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) ("[t]he 'rule of unanimity' ensures that all defendants have a say before a case involving their interests is removed from state court."). Permitting the docketed consents in this case would in no way undermine such purpose. The Defendants do not object to removal. To the contrary, counsel for Sentry, TrueAccord, Neill, and

Ravanesi expressly conveyed that consent to Tinker's counsel prior to the Removal filing. Further, all defendants have since affirmatively reflected their consent to removal on the docket within thirty days of Tinker's filing of the Removal.

These facts are distinguishable from decisions denying remand where a defendant attempted to manifest consent only after the applicable time period had elapsed. For example, the recent decision in *Griffin v. State Farm Fire & Casualty Co.*, No. CIV-25-916-SLP, 2026 U.S. Dist. LEXIS 77708 (W.D. Okla. Feb. 3, 2026) involved a consent filed fifty-seven days after the notice of removal and outside the thirty-day period for seeking remand. *Id*. at *5. The court held the consent was untimely under these conditions. *Id.*

*Griffin* reinforces the significance of the timing distinction. The court relied upon the fact that the consent was filed outside the thirty-day window for filing a motion to remand, whereas here, Plaintiff's motion and Defendants' consents were all filed within the same thirty-day period after the Removal. The delay in Defendants' consent was therefore neither prolonged nor prejudicial, and the record was perfected before the statutory period for challenging the procedural validity of removal had expired.

The same principle recognized in *Bruning* applies here. Whatever technical deficiency may have existed in the original Removal, the record now conclusively establishes that all properly served defendants consented to federal jurisdiction. Those consents were filed on the docket within the thirty-day period contemplated by § 1447(c). Remand would therefore elevate the sequence in which the parties made their filings over the undisputed substance of their unanimous consent. As *Bruning* makes clear, the Court

should not "exalt form over substance" where the record shows that all defendants clearly consent to removal. 101 F. Supp. 3d at 1146.

Finally, remand is particularly unwarranted because Plaintiff has suffered no substantive prejudice from the timing of the consent filings. Plaintiff timely exercised his right under § 1447(c) to challenge the removal. Defendants promptly responded by placing their individual consents on the federal docket, all within the same statutory period. This Court is not confronted with a situation in which Defendants waited until after the procedural-remand period expired and then attempted to revive an otherwise defective removal. Instead, the alleged defect was addressed, and the record conclusively establishes unanimous consent within thirty days of the Removal filing. Accordingly, the Court should find that the rule of unanimity has been satisfied and deny Plaintiff's Motion to Remand.

## IV. CONCLUSION

For the foregoing reasons, this Honorable Court should deny Plaintiff's Motion to Remand.

Respectfully submitted,

**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**

*<u>/s/ Xerxes Martin</u>*
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
MARTIN GOLDEN LYONS
WATTS MORGAN PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231

TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANTS SENTRY CREDIT, INC., TRUEACCORD CORP., KATIE NEILL, AND MARK RAVANESI***

*/s/ Kerry R. Lewis*

Kerry R. Lewis (OBA #16519)
Rhodes, Hieronymus, Jones, Tucker & Gable, PLLC
P.O. Box 21100
Tulsa, OK 74121-1100
Telephone: (918) 582-1173
Facsimile: (918) 592-3390
Email: klewis@rhodesokla.com

***Attorney for Defendant,***
***Southwestern Bell Telephone Company, LLC improperly named as AT&T Inc. d/b/a AT&T U-Verse***

*/s/Jeff C. Grotta*

Lyndon W. Whitmire, OBA No. 17164
Jeff C. Grotta, OBA No. 15774
PHILLIPS MURRAH P.C.
424 NW 10th Street, Suite 300
Oklahoma City, OK 73103
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
lwwhitmire@phillipsmurrah.com
jcgrotta@phillipsmurrah.com
***Attorneys for Defendants***
***Tinker Federal Credit Union***
***And Dave Willis***

Dated: October 15, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 15, 2026, a true copy of the foregoing document was served on all unrepresented parties and all counsel of record by electronic service or US Mail, postage prepaid.

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
***Plaintiff/Pro Se***

*/s/Jeff C. Grotta*
Lyndon W. Whitmire, OBA No. 17164
Jeff C. Grotta, OBA No. 15774
PHILLIPS MURRAH P.C.
424 NW 10th Street, Suite 300
Oklahoma City, OK 73103
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
lwwhitmire@phillipsmurrah.com
jcgrotta@phillipsmurrah.com
***Attorneys for Defendants***
***Tinker Federal Credit Union***
***And Dave Willis***