**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2374-J |
| | ) | |
| SENTRY CREDIT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, appearing pro se, filed suit in the District Court of Oklahoma County against Sentry Credit, Inc. (Sentry), TrueAccord Corp. (TrueAccord), Katie Neill, Mark Ravanesi, Tinker Federal Credit Union (TFCU), Dave Willis, and AT&T Inc. (AT&T). [Doc. No. 1-2]. Defendant TFCU removed the action and, citing procedural errors, Plaintiff filed a Motion to Remand (Pl.'s Mot.) [Doc. No. 13]. Defendants have collectively responded (Defs.' Resp.) [Doc. No. 20] and Plaintiff replied [Doc. No. 21], placing the matter at issue.

For the reasons below, the Court GRANTS Plaintiff's motion and REMANDS this matter to the District Court of Oklahoma County.

## I. Background

Plaintiff raises claims under the Fair Debt Collection Practices Act. The parties agree that Plaintiff served (1) Defendants TFCU, Willis, and TrueAccord on August 14, 2026; (2) Defendant Sentry on August 17, 2026; (3) Defendants Neill and Ravanesi on either August 21 or August 24, 2026; and (4) Defendant AT&T on August 20, 2026. *See* Pl.'s Mot. at 2; Defs.' Mot. at 1-2.

Defendant TFCU removed this action on September 3, 2026 and admits that its Notice "did not convey . . . whether any of the other defendants consented to the Removal." Defs.' Mot. at 2.

After Plaintiff moved to remand, Defendants Sentry, TrueAccord, Neill, Ravanesi, Willis, and AT&T filed Notices indicating their consent to removal. [Doc. Nos. 15, 17, 19].

## II. **Removal Standards**

Under 28 U.S.C. § 1446(a), a defendant wishing to remove a state-court action to federal court must file a "notice of removal" "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." *Id.* § 1446(a), (b)(1). When, as here, "a civil action is removed solely under section 1441(a), *all* defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A) (emphasis added). This is known as "the rule of unanimity" and "lack of unanimity is a procedural defect clearly established by statute as precluding removal." *Harvey v. UTE Indian Tribe of the Uintah & Ouray Rsrv.*, 797 F.3d 800, 805 (10th Cir. 2015) (citing § 1446(b)(2)(A)).

"Removal statutes are to be strictly construed . . . and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Indeed, because federal courts have limited jurisdiction, there "is a presumption against federal jurisdiction." *Bernstein v. State Farm Fire & Cas. Co.*, 711 F. Supp. 3d 1282, 1285 (W.D. Okla. 2024) (cleaned up). "The party invoking federal jurisdiction bears the burden of demonstrating that jurisdiction is proper." *Id.*

## III. **Analysis**

Plaintiff moves for remand based on Defendants Sentry, TrueAccord, Neill, Ravanesi, Willis, and AT&T's failure to join in the Notice of Removal and/or for Defendant TFCU's failure to affirmatively state that all served Defendants consented to the removal. In response, Defendants concede that the Notice of Removal *did not* include the relevant information. *See supra* at 1. This alone warrants remand. *See Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1181 (D.N.M. 2017) ("The failure of one defendant to join in the notice renders the removal notice

procedurally defective, which requires that the district court remand the case."); *Griffin v. State Farm Fire & Cas. Co.*, No. CIV-25-916-SLP, 2026 WL 279379, at *2 (W.D. Okla. Feb. 3, 2026) ("[T]he Notice of Removal is wholly silent with respect to the issue of Seek Now's consent. This defect alone would support a remand."); *511 Couch LLC v. Travelers Prop. Cas. Co. of Am.*, No. CIV-14-1279-F, 2015 WL 13567456, at *7 (W.D. Okla. Feb. 6, 2015) (holding that all defendants in a multi-defendant case must join in the notice of removal and collecting cases in support); *Forsythe v. City of Woodward, Okla.*, No. CIV-13-710-C, 2013 WL 5230005, at *2 (W.D. Okla. Sept. 16, 2013) ("Because Defendants Travis Riley, City of Woodward, Chris Hand, and Jacob Radke joined too late, not all served Defendants joined in the removal and it is therefore procedurally defective. The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." (cleaned up)).

Defendants nevertheless argue that remand is unnecessary because each Defendant has now filed consent notices "within thirty (30) days of the Removal filing." Defs.' Mot. at 3. The Court disagrees.

Admittedly, § 1446 requires properly served defendants to join or consent to the removal, but it does not state when their consent, as opposed to an independent notice of removal, must be filed. And neither the United States Supreme Court nor the Tenth Circuit have articulated the specific timing of when a non-removing defendant must file consent. However, under the "last-served rule," "Defendants were required to obtain unanimous consent to removal from each served Defendant no later than the date on which the last-served Defendants . . . had to file a notice of removal, in order for removal to be effective." *Zambrano*, 256 F. Supp. 3d at 1183 (cleaned up) ("The Court follows the 'last-served rule' where the clock begins running on each defendant to

either remove a case or join a removal petition when that defendant receives formal service of process." (cleaned up)); *Ashenfelter v. Escott Aerial Spraying, LLC*, No. 22-1144-EFM-KGG, 2023 WL 1100395, at *3 (D. Kan. Jan. 30, 2023) ("all defendants who have been properly joined and served must join in or consent to the removal of the action within the 30-day period defined in Section 1446(b)(1)" (cleaned up)). This district has endorsed the "last-served rule." *Morgan v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, No. CIV-08-1317-C, 2009 WL 10672024, at *2 (W.D. Okla. Feb. 17, 2009) ("The Court is persuaded that the last-served defendant rule is the better one."); *Washington v. Rogers*, No. CIV-18-1116-D, Doc. No. 16 at 4 (W.D. Okla. Jan. 7, 2019) (citing *Zambrano* and *Morgan* in support of the "last-served defendant rule").

Here, Defendants Neill and Ravanesi were the last served, either on August 21 or August 24, 2026. Thus, unanimous consent from *all* Defendants was due, at the latest, on September 23, 2026 and Defendants' notices, filed on September 25, 2026 and October 1, 2026, are therefore untimely. *See Griffin*, 2026 WL 279379, at *2 (citing *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 149 (2d Cir. 2021) as holding: "A properly served defendant cannot cure a failure to timely consent to removal by later providing untimely consent.").

## IV. <u>**Conclusion**</u>

For the reasons above, Plaintiff's Motion to Remand [Doc. No. 13] is GRANTED. This action is REMANDED to the District Court of Oklahoma, State of Oklahoma.

Because Plaintiff acknowledges that Defendants did not "lack[] an objectively reasonable basis to believe this Court would have . . . jurisdiction," his request for costs is DENIED.[1]

---

[1] *See Gomez v. Dolgencorp LLC*, No. CIV-24-705-PRW, 2025 WL 603012, at *4 (W.D. Okla. Feb. 25, 2025) ("The determination to award costs and fees under [28 U.S.C.] § 1447(c) is discretionary, but because the Court cannot say that there was no 'objectively reasonable basis' for Dolgencorp's removal, this request is denied.").

IT IS SO ORDERED this 30th day of October, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE